IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 13-0845-TUC-RCC(LAB) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Basim Sadah, ) | |
| Defendant. ) | |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to suppress. The defendant, Basim Sadah, argues his Fourth Amendment rights were violated when his vehicle was stopped and searched on April 19, 2013. (Doc. 35)

An evidentiary hearing was held on August 22, 2013. United States Border Patrol (USBP) Agent Ubaldo Soto testified.

**Charge:**

The defendant, Basim Sadah, is charged by indictment with transportation of illegal aliens for profit, in violation of Title 8 United States Code §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). (Doc. 18).

**Motion to Suppress:**

The defendant argues his Fourth Amendment rights were violated when his vehicle was stopped without reasonable suspicion. He moves to suppress all evidence discovered as a result of the vehicle stop because it is the fruit of the unlawful seizure.

The Court concludes that the traffic stop was supported by reasonable suspicion. Therefore, the evidence seized as a result of the vehicle stop should not be suppressed and is admissible at trial.

**EVIDENCE:**

*Ubaldo Soto*

Ubaldo Soto is a United States Border Patrol Agent. On 4/19/13, the day of the vehicle stop, Soto had been a Border Patrol Agent for 1 ½ to 2 years. He has always been stationed in Ajo, AZ. Prior to this stop he made approximately 10 vehicle stops on his own and was in a support role in over 20 additional stops. His experience is based on his own activities, the information he receives at muster before he starts most shifts, conversations with fellow agents, and radio traffic that he hears during his shifts.

Soto was stationed on the Tohono O'odham Nation in a soft static position at the intersection of Federal Route (FR) 1 and State Route (SR) 86 on 4/19/13. "Soft static position" means that he was stationary but allowed to move from his place and make vehicle stops when necessary. The purpose of a static position is for deterrence and apprehension of illegal aliens. Soto arrived at his post at about 8:10 a.m. to relieve the agent from the midnight shift, Agent Broeker.

When Soto arrived, Broeker advised that at about 6:30 a.m. he saw a late model white van with gray moldings heading southbound with one visible occupant. Broeker noted that the driver appeared nervous, made no eye contact and did not appear to be Tohono O'odham because he was light-skinned.[1] The white van was the only traffic throughout the night.

During Soto's shift, a Border Patrol helicopter identified a white van heading northbound just south of the village of GuVo. Soto requested and was given permission to leave his post to investigate. He initially spotted a white van parked at a house, which he determined to be a Tohono O'odham transportation shuttle. At about 8:20 a.m., as he came out of the housing

---

[1] Soto testified that in order to be on the reservation a person must be a member of the Tohono O'odham tribe or be an invited guest.

1  development, Soto saw the van that Broeker described earlier. Soto tried to catch up to the
2  van, requiring him to travel at speeds of up to 98 miles per hour, which led him to believe the
3  van was speeding.
4  Soto followed within two car lengths of the van. The driver slowed to about 45 miles per
5  hour in a 55 mile per hour zone and was swerving within his lane as the driver constantly
6  checked his mirrors to watch the law enforcement vehicle. It is unusual for locals to slow
7  when they see Border Patrol because Border Patrol has no authority to cite drivers for state
8  traffic violations. Soto noticed that there were three spare tires behind the third row of seats
9  in the van. Smugglers commonly carry extra spare tires because they drive off the road in
10 desolate areas and often get flat tires. Soto noticed that aside from the driver there were two
11 passengers visible.
12 The van was older but had a fairly new license plate, which Soto could tell was recently
13 registered based on the sequence of letters on the license plate. Soto called in the license
14 plate and was advised that the vehicle was not stolen and was registered out of Phoenix, over
15 200 miles away, to Basim Sadah. Soto remembered that another agent had stopped Sadah
16 in the area in 2012. He did not know the specifics of that stop.
17 It is unusual for vehicles in the area to be registered in cities other than Ajo or Sells. Soto
18 is familiar with the local vehicles and did not recognize the van. He also knows that this type
19 of vehicle has seats that are easy to move and has easy rear entry.
20 The area where Soto spotted the van is about 20 to 22 miles from the international border.
21 It is an area with little vehicle traffic and is very desolate desert and mountains. Less than
22 250 people live along FR 1. It is an area known for smuggling because the nearby border has
23 little or no fencing and there are many off road tracks that can be used to avoid law
24 enforcement. The Ajo station has double the number of arrests for smuggling that the other
25 stations in southern Arizona have.
26 Soto spotted the van during Border Patrol shift change, which is a common time for
27 smugglers to work because there is less law enforcement presence. The timing is also
28 significant because it is uncommon to see a vehicle traveling south at 6:30 a.m. It would take

1   just under two hours to drive to Menegers, just north of the international border, and return
2   to the area where Soto first saw the van at about 8:20 a.m..

3   Based on all of the reasons above, Soto stopped the van to conduct an immigration
4   inspection on the occupants.

6   *Material Witnesses*

7   The parties stipulated to the admissibility of Exhibits 4 and 5 for purposes of this hearing
8   only. Exhibit 4 is pages 18 through 26 of the transcript of the video-taped deposition of
9   Material Witness Rosas. Exhibit 5 is pages 9 through 12 of Material Witness Aburto's
10  transcribed testimony.

11  Rosas testified that he was the front seat passenger when the defendant's van was
12  stopped by law enforcement. His wife, Aburto, was in the second row of seats. The only
13  strange thing he noticed prior to the vehicle stop was that the defendant was driving very
14  slowly. The speed limit was 55 miles per hour and the defendant was driving about 30 to 40
15  miles per hour. The driver was looking in the side view mirror and was nervous. Rosas did
16  not see the Border Patrol vehicle until the van was stopped. Aburto testified that the van was
17  going very slowly.

19  **DISCUSSION: Vehicle Stop**

20  The defendant argues his vehicle was stopped in violation of his Fourth Amendment
21  rights. He moves that evidence found subsequent to the stop be suppressed as the fruit of
22  that illegal stop. The Court concludes there was reasonable suspicion. *U.S. v. Cortez*, 449
23  U.S. 411, 417 (1981).

24  "Reasonable suspicion is formed by specific, articulable facts which, together with
25  objective and reasonable inferences, form the basis for suspecting that the particular person
26  detained is engaged in criminal activity." *U.S. v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir.
27  2000). The court "must look at the totality of the circumstances of each case to see whether
28  the detaining officer has a particularized and objective basis for suspecting legal

- 4 -

1  wrongdoing." *U.S. v. Arvizu*, 534 U.S. 266, 273 (2002)(internal punctuation removed). The
2  court may consider a variety of factors in deciding whether there is reasonable suspicion for
3  a brief, investigatory seizure. *U.S. v. Brignoni-Ponce*, 422 U.S. 873 (1975).  The factors
4  include, but are not limited to, the characteristics of the area, proximity to the border, usual
5  traffic patterns, the agent's previous experience, the driver's behavior, and aspects of the
6  vehicle. *Id*. At 884-85. "If the initial stop was unconstitutional, then all evidence seized as
7  a result of the stop mut be suppressed as the fruit of the poisonous tree." *U.S. v. Morales*,
8  252 F.3d 1070, 1073 (9th Cir. 2001).

9  In this case, U.S. Border Patrol Agent Ubaldo Soto was given information by Agent
10 Broeker describing a van that was the only vehicle seen heading south during his shift.  He
11 saw it at 6:30 a.m. with only the driver, a light-skinned male, visible. Soto spotted the van
12 at approximately 8:20 a.m., during shift change, in a sparsely populated area of the Tohono
13 O'odham Nation, 20 to 22 miles from the U.S./Mexico border.  The area is notorious for
14 illegal alien and narcotics smuggling.  Soto noticed a driver and two passengers.  He saw
15 three spare tires in the van.  The van was registered out of Phoenix to the defendant, whom
16 Soto remembered had been stopped by another agent in the area in 2012.  The older model
17 van had a new license plate and was recently registered. The van had seats that were easy to
18 move. Soto did not recognize the van from the area. From the time Broeker first saw the van
19 until the time Soto saw the van heading north, there was just enough time for it to travel to
20 the border and back.

21 Based on the totality of the circumstances and Agent Soto's experience and training, he
22 initiated a vehicle stop to conduct an immigration inspection.  There was reasonable
23 suspicion to stop the van.

**RECOMMENDATION:**

27 In view of the foregoing, it is recommended that, after its independent review of the
28 record, the District Court **DENY** the motion to suppress (Doc. 35). Evidence seized as a

- 5 -

1  result of the stop of the defendant's vehicle should not be suppressed.

2  Defense counsel may serve and file written objections within 14 days. If objections
3  are not timely filed, the party's right to de novo review may be waived.

4  The Clerk of the Court is directed to send a copy of this Report and Recommendation
5  to all parties.

6  DATED this 29th day of August, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge